IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES CURTISS TAYLOR, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-64-G-BN |
| | § | |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, ET | § | |
| AL., | § | |
| | § | |
| Defendants | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice for failure to prosecute.

**Background**

Plaintiff Charles Curtiss Taylor, Jr., then a Texas inmate incarcerated at the Hutchins Unit of the Texas Department of Criminal Justice (the "TDCJ"), filed his original complaint on the form for filing a 28 U.S.C. § 2254 habeas petition in January 2015. *See* Dkt. No. 3. Taylor then confirmed that he was bringing claims under 42 U.S.C. § 1983, *see* Dkt. Nos. 4 & 5, and his amended complaint [Dkt. No. 12] was received by the Court on March 17, 2015. That complaint has been supplemented by

his responses to the Court's second questionnaire and by his multiple supplemental responses. *See* Dkt. Nos. 15, 16, 18, 19, 20, 21, 22, 23, 25, 26.

Taylor asserts violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments and claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12312, and the Rehabilitation Act ("RA"), 29 U.S.C. § 794.

Taylor contends that Defendants Livingston, Thaler, Stephens, Eason, and Scott (identified as high-ranking officials in the TDCJ), Defendants Murray and Linthicum (identified as medical officials associated with the TDCJ), and Defendant Pringle (identified as the warden at the Hutchins Unit) were deliberately indifferent to his health and safety needs because they kept him and other prisoners in the excessive heat with full knowledge of the dangerousness of those conditions. *See* Dkt. No. 12 at 33. Taylor generally claims that the excessive heat/extreme temperatures at prisons operated by the TDCJ, specifically the Hutchins Unit, violate the Eighth and Fourteenth Amendments.

He also contends that he is being discriminated against in violation of the ADA based on his medical conditions/disabilities. *See id.* He claims to be a qualified individual under the ADA because he is regarded as having a physiological or mental impairment that substantially limits one or more of his major life activities. *See id.* at 37.

In addition, Taylor alleges that he has arthritis, allergies, viral warts, mood-disorder, respiratory and chest symptoms, bipolar affective disorder, depression, hearing loss, visual problems, skin disorders, fungal infection, HIV, hypothyroidism,

asthma, AIDS, dental conditions, esophageal reflux disorder (Gerd), musculoskeletal symptoms, allergic rhinitis, major depressive disorder, hypertension, eye/ear/throat complaints medical problems. *See* Dkt. No. 16 at 42.  He claims to be taking medications to help with these conditions, and he claims that these medications made him more susceptible to injury or death from the extreme heat in the prison. *See id.* He further claims that because his conditions are being exacerbated by extreme heat and lack of adequate accommodations, he is being discriminated against because of his disability. *See id.*

Again as to Defendants Livingston, Thaler, Stephens, Eason, Scott, and Pringle, but also as to Defendant Scott-Burger (identified as a investigator with the TDCJ), Taylor contends that these defendants violated his rights under the First, Fifth, and Fourteenth Amendments because of his belief that he has suffered retaliatory measures due to the grievances he has filed. *See* Dkt. No. 12 at 35. He claims that Defendant Scott-Burger has destroyed his grievances and therefore violated his right to due process because he contends he cannot access state or federal courts without exhausting his administrative remedies. *See id.* Taylor therefore claims that he has been denied due process and equal protection. *See* Dkt. No. 16 at 61.  He also claims that his First Amendment right to redress of grievances has been violated because his grievances have neither been processed nor responded to. *See id.*

Taylor believes that he has been harmed because he has been subjected to excruciating physical and mental suffering as a means of torture and unconstitutional conditions. *See id.* at 25. He has stated that he is seeking humane conditions of

confinement through the use of air conditioning, permanent injunctive and declaratory relief, monetary damages for the constitutional and civil rights violations, and – although he is proceeding *pro se* – he further requests expert witness reimbursement and attorney's fees and costs. *See id.* at 23.

After this case was filed, Taylor was released from custody at the Hutchins Unit, on or about July 8, 2015. *See* Dkt. No. 24 (notifying the Court of his change of address, to a residential address in Woodway, Texas); *see also* Dkt. Nos. 27 & 28 (subsequent notices of changes of address, to a transitional center in Del Valle, Texas, and then back to the address in Woodway).

After his release, and after Taylor notified the Court that he had moved back to Woodway, the Court sent him a third questionnaire, on August 14, 2015. *See* Dkt. No. 29 (providing that "[f]ailure to provide answers to all questions may result in the dismissal of the complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)"). Taylor's verified responses to that questionnaire were due no later than September 14, 2015. It is now more than five months since that deadline – and more than six months since the Court issued the questionnaire – and Taylor has yet to answer it or otherwise contact the Court.

### Legal Standards

Federal Rule of Civil Procedure 41(b) allows a court to *sua sponte* dismiss an action "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. Such authority "flows from the court's inherent power

to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). "Several" of the following four factors generally must be present before a district court may dismiss an action with prejudice based on a litigant's refusal to follow a court order:

> (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the [Court's] order must be attributable to the client instead of the attorney, (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.

*Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008) (per curiam) (quoting *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994); other citations omitted); *see also Clewis v. Medco Health Solutions, Inc.*, No. 3:12-cv-5208-L, 2014 WL 840026, at *6 (N.D. Tex. Mar. 4, 2014) (distinguishing *Berry* – in which the Fifth Circuit stated, "Generally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion." 975 F.2d at 1191 n.6

(citations omitted) – because "[i]n *Berry*, the plaintiff's conduct was merely negligent, and he had not been warned by the court prior to dismissal," whereas Clewis's conduct was "intentional and willing").

## Analysis

During the review of Taylor's amended complaint submitted in March 2015, it became apparent that his complaint was particularly similar to pleadings filed in a lawsuit brought by the family of an inmate who died at the Hutchins Unit, allegedly from extreme heat. *See McCollum v. Livington*, No. 3:12-cv-2037-L (N.D. Tex.).

Some allegations of Taylor's are verbatim to allegations made in that lawsuit. *Compare, e.g.,* Dkt. No. 12 (Taylor's am. compl.), ¶ 19 ("According to the National Weather Service, 'heat is the number one weather-related killer in the United States, resulting in hundreds of fatalities each year.' On average, heat kills more people than 'floods, lightening, tornadoes and hurricanes combined.' The heat has claimed many lives across the state in brutally hot Texas prisons."), *with McCollum v. Livington*, No. 3:12-cv-2037-L, Dkt. No. 1, ¶ 15 ("According to the National Weather Service, 'heat is the number one weather-related killer in the United States, resulting in hundreds of fatalities each year.' On average, heat kills more people than 'floods, lightening, tornadoes and hurricanes combined.'").

In fact, Taylor filed a motion to intervene in that lawsuit in September 2014, but that motion was denied without prejudice in November 2014, *see id.*, Dkt. Nos. 203 & 214, and the Court transferred most of that lawsuit to the Southern District of Texas for consolidation with several cases raising similar issues already pending there, *see*

*id.*, Dkt. No. 215.

Because the facts Taylor alleges as to his Eighth Amendment claims focus on other, similar cases and the deaths of other inmates, as well as media coverage of those incidents (and prison conditions generally), the third questionnaire required Taylor to identify incidents that he alleges violated **his** rights and to state, as to each incident, (1) the specific physical injury caused by that incident, if any, and (2) the date he incurred the physical injury. *See* Dkt. No. 29.

Because it appears that Taylor may have cobbled together others' lawsuits, and because the majority of his allegations are generalized, the affect of prison conditions on Taylor in particular is not clear from his voluminous filings. And the information sought by the third questionnaire is necessary to determine whether Taylor has pled "an injury-in-fact that is concrete and particularized and actual or imminent." *Doe v. Bailey*, Civ. A. No. H-14-2985, 2015 WL 5737666, at *3 (S.D. Tex. Sept. 30, 2015 (discussing the elements of Article III standing); *see also Dep't of Tex., Veterans of Foreign Wars of U.S. v. Tex. Lottery Comm'n*, 760 F.3d 427, 432 (5th Cir. 2014) (en banc) ("To establish Article III standing, a plaintiff must show 'an injury-in-fact caused by a defendant's challenged conduct that is redressable by a court.'" (quoting *K.P. v. LeBlanc*, 627 F.3d 115, 122 (5th Cir. 2010)); *cf. Ball v. LeBlanc*, 792 F.3d 584, 592 (5th Cir. 2015) ("[M]erely 'uncomfortable' heat in a prisoner's cell does not reflect 'a basic human need that the prison has failed to meet' and is not constitutionally suspect." (quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995)).

The information sought by the third questionnaire is also necessary to determine

whether certain claims in this lawsuit should be dismissed as time-barred or because applicable pleading requirements have not been met.

In particular, "[u]nder 42 U.S.C. § 1997e(e), a prisoner must show physical injury in order to maintain a civil action for any mental or emotional injury suffered while in custody." *Pryor v. Cox*, 201 F.3d 441, 1999 WL 1253040, at *1 (6th Cir. Dec. 13, 1999) (per curiam) (after noting that plaintiff's transfer to another facility mooted his injunctive-relief claim, affirming dismissal of compensatory-damages claim based on alleged Eighth Amendment violations, including that prisoners were subjected "to excessive heat," because plaintiff failed to allege "that he suffered any physical injury as a result of the defendants' alleged conduct" (citing *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir. 1999); *Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir. 1997))).

This physical-injury requirement not only applies to constitutional claims but also to statutory claims. *See Robinson v. Corr. Corp. of Am.*, 14 F. App'x 382, 383 (6th Cir. 2001) (per curiam) (Section 1997e(e) "applies to statutory as well as constitutional claims." (citing *Cassidy v. Ind. Dep't of Corr.*, 199 F.3d 374, 376-77 (7th Cir. 2000))). The bar specifically applies to Taylor's claims under the ADA and RA. *See, e.g., Edler v. Hockley Cnty. Comm'rs Court*, 589 F. App'x 664, 670-71 (5th Cir. 2014) (per curiam) (recognizing that, "[t]o recover compensatory damages" under the ADA, an inmate must "prove intentional discrimination" and "also prove physical injury in accordance with 42 U.S.C. § 1997e(e)" (as to the later requirement citing *Cassidy*, 199 F.3d at 376-77; *Robinson*, 14 F. App'x at 383-84; *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1223-24 (9th Cir. 2008))).

By failing to respond to the third questionnaire, Taylor has prevented this action from proceeding, because he has failed to provide the Court information it needs to screen this lawsuit under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Taylor has therefore failed to prosecute his lawsuit and obey the Court's order. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Taylor decides to comply with the Court's orders. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss this action without prejudice.

## Recommendation

This action should be dismissed *sua sponte* without prejudice pursuant to Federal Rule of Civil Procedure 41(b). If, however, within 14 days of the date of this recommendation, Taylor responds to the Court's third questionnaire, the Court should refer this action back to the undersigned for further consideration.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

     DATED: February 24, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE